## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ANTHONY SMITH,

    Petitioner,

-vs-                                                  Case No.  8:12-CV-58-T-30TGW

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.
_____/

## ORDER

Petitioner, an inmate in a Florida penal institution proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") challenging convictions for seven counts of robbery, one count of armed burglary of a dwelling, and one count of petit theft entered in 2002 by the Sixth Judicial Circuit Court, Pinellas County, Florida (Dkt. 1). Respondent filed a response to the petition in which he contends that Petitioner's petition is barred from review because it was filed after expiration of the one-year federal limitation period. Respondent also asserts that Petitioner's claims do not warrant relief (Dkt. 28). Petitioner filed a reply to the response (Dkt. 31). Upon consideration, the Court concludes that Petitioner's petition must be dismissed because it is time-barred.

## PROCEDURAL HISTORY

On January 14, 2002, Petitioner was charged by Amended Felony Information with five counts of robbery, one count of armed burglary, one count of petit theft, and one count

of carrying a concealed weapon in case no. CRC01-03019CFANO (Resp. Ex. 1, Vol. I at 30-33). The armed burglary count (Count 1) and one robbery count (Count 8) were severed (Id. at 34), and on February 27, 2002, Petitioner was found guilty of those two counts following a jury trial (Id. at 84). On April 29, 2002, Petitioner was sentenced on each of these counts to concurrent 30 year prison terms, along with a ten-year mandatory minimum prison term (Id. at 40-41, 84-88).

In a separate trial, Petitioner was found guilty of robbery with a deadly weapon (Count 5), and sentenced on May 8, 2002, to life in prison (Id. at 89-92).

On May 13, 2002, Petitioner pled guilty to the three remaining robbery counts (Counts 2 through 4), the petit theft count (Count 6), and two counts of robbery with a firearm charged separately in case nos. CRC01-6072CFANO and CRC01-6073CFANO (Id. at 42-43). Petitioner was sentenced to consecutive ten year prison terms on the five robbery counts, and to time served on the petit theft count (Id. at 42, 44-49, 72).[1]

In case no. 2D02-3556, Petitioner appealed the plea-based robbery convictions and sentences (Counts 2-4) in case no. CRC01-03019CFANO (Resp. Exs. 2-6). On November 7, 2003, the appellate court affirmed the convictions and sentences, but remanded the case to the trial court to correct the written sentencing order to comport with the trial court's oral pronouncement of sentence that the sentence on Count 2 run concurrently with the sentence on Count 1 (Resp. Ex. 5).

---

[1] The state nolle prossed the carrying a concealed weapon count (Id. at 73).

In case no. 2D02-3557, Petitioner appealed the May 8, 2002 robbery conviction and sentence (Count 5) in case no. CRC01-03019CFANO (Resp. Exs. 7-11).  On November 7, 2003, the appellate court per curiam affirmed (Resp. Ex. 10).

In case no. 2D02-3558, Petitioner appealed the February 27, 2002 armed robbery and armed burglary convictions and sentences (Counts 1 and 8) in case no. CRC01-03019CFANO (Resp. Exs. 13-16).  On March 10, 2004, the appellate court affirmed the armed robbery conviction (Count 8), but reversed the armed burglary conviction (Count 1) and remanded for a new trial (Resp. Ex. 15).  On May 13, 2004, Petitioner pled guilty to the armed burglary charge (Count 1), and the trial court sentenced him to a ten year prison term (Resp. Ex. 17).  Petitioner did not appeal the May 13, 2004 judgment of conviction.

In case no. 2D02-3559, Petitioner appealed the plea-based robbery conviction and sentence in case no. CRC01-6072CFANO (Resp. Exs. 18-22).  On November 7, 2003, the appellate court per curiam affirmed (Resp. Ex. 21).

In case no. 2D02-3560, Petitioner appealed the plea-based robbery conviction and sentence in case no. CRC01-6073CFANO (Resp. Exs. 23-27). On November 7, 2003, the appellate court affirmed the conviction and sentence, but remanded the case to the trial court to correct the written sentencing order to comport with the trial court's oral pronouncement of sentence to reflect that the sentence in case no. CRC01-6073CFANO was consecutive to the sentences imposed for Counts 2, 3, and 4 in CRC01-03019CFANO and concurrent with the sentences imposed for Counts 1, 5, and 8 in CRC01-03019CFANO (Resp. Ex. 26).

On February 8, 2006, Petitioner filed a state postconviction motion pursuant to Rule 3.850, Fla.R.Crim.P. ("3.850 motion") (Resp. Ex. 28). The state postconviction court denied the 3.850 motion on July 24, 2006 (Resp. Ex. 29). The appellate court affirmed the denial of the 3.850 motion on October 25, 2006 (Resp. Ex. 31). Following denial of rehearing, the appellate court's mandate issued on December 8, 2006 (Resp. Ex. 34).

On January 19, 2007, Petitioner filed a motion to correct sentence pursuant to Rule 3.800(a), Fla.R.Crim.P. ("3.800(a) motion") (Resp. Ex. 36). The state postconviction court denied the 3.800(a) motion on April 9, 2007 (Resp. Ex. 37). The appellate court affirmed the denial of the 3.800(a) motion on August 27, 2007 (Resp. Ex. 39). The appellate court's mandate issued on September 12, 2007 (Resp. Ex. 40).

On May 16, 2008, Petitioner filed a state petition for writ of habeas corpus raising new claims of ineffective assistance of trial counsel (Resp. Ex. 42). On June 2, 2008, the state postconviction court dismissed the petition, finding the grounds were not appropriately raised in a habeas petition and his petition could not be construed as a 3.850 motion because it was untimely and successive (Resp. Ex. 43). On December 24, 2008, the appellate court affirmed the dismissal of the state habeas petition (Resp. Ex. 45). The appellate court's mandate issued January 14, 2009 (Resp. Ex. 46).

On October 15, 2008, Petitioner filed a second 3.800(a) motion (Resp. Ex. 48). The state postconviction court denied the second 3.800(a) motion on February 2, 2009 (Resp. Ex. 49). On September 4, 2009, the state appellate court affirmed (Resp. Ex. 54). The appellate court's mandate issued on September 29, 2009 (Resp. Ex. 55).

Lastly, on February 8, 2011, Petitioner filed a motion for postconviction relief pursuant to Rule 3.850 and, alternatively, Rule 3.800(a) and (b)(2) (Resp. Ex. 57). The state postconviction court denied the motion on March 7, 2011 (Resp. Ex. 58). The appellate court affirmed on October 19, 2011 (Resp. Ex. 63). The appellate court mandate issued on November 16, 2011 (Resp. Ex. 64).

Petitioner filed his § 2254 petition in this Court on January 6, 2012 (Dkt. 1 at 15).[2]

## DISCUSSION

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") created a new limitation period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. Section 28 U.S.C. § 2244(d) provides:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

---

[2] Although the Court received the petition on January 11, 2011, a *pro se* inmate's pleading is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999).

> judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The Court agrees with Respondent that "[t]he triggering event relevant to Smith's case(s) is 'the date on which the judgment[s] became final by the conclusion of direct review or the expiration of the time for seeking such review.' 28 U.S.C. § 2244(d)(1)(A)." (Dkt. 28 at 15). Respondent also correctly asserts that "Smith is in custody on multiple judgments. . . ." (Id.).

In all, there were six judgments entered in Petitioner's three cases. On April 29, 2002, a judgment was entered on the trial-based convictions on Counts 1 and 8 in case no. CRC01-3019CFANO (Resp. Ex. 1, Supp. I at 84). On May 8, 2002, a judgment was entered on the trial-based conviction on Count 5 in case no. CRC01-3019CFANO (Id. at 89). On May 13, 2002, three judgments were entered: 1) the judgment on the plea-based convictions on Counts 2-4 and 6 in case no. CRC01-3019CFANO (Resp. Ex. 1, Vol. I at 44); 2) the judgment entered on the plea-based conviction for robbery in case no. CRC01-06072CFANO (Resp. Ex. 18, Vol. I at 19); and 3) the judgment on the plea-based conviction for robbery in case no. CRC01-06073CFANO (Resp. Ex. 23, Vol. I at 19). Finally, after the appellate court reversed the armed burglary conviction on Count 1 in case no. CRC01-3019CFANO and remanded the case for a new trial, Petitioner pled guilty to the armed burglary charge, and a judgment was entered on May 13, 2004 (Resp. Ex. 17).

Respondent correctly argues that the judgments on the convictions on Counts 2 through 6 and 8 in case no. CRC01-3019CFANO, and on the convictions in case nos.

CRC01-06072CFANO and CRC01-06073CFANO became final on February 5, 2004. The appellate court affirmed those convictions on November 7, 2003 (Resp. Exs. 5, 10, 15, 21, 26). Consequently, the judgments became final ninety (90) days later. *See Nix v. Sec'y for Dep't of Corr.*, 393 F.3d 1235, 1236-37 (11th Cir. 2004) (holding Florida prisoner's conviction became "final" for AEDPA purposes on date that 90-day period for seeking certiorari review in Supreme Court expired).[3] Accordingly, absent any collateral proceeding that tolled the federal statutory time period, Petitioner's federal habeas petition challenging those judgments of conviction was due on or before February 5, 2005.

With respect to the plea-based judgment on Count 1 in case no. CRC01-3019CFANO entered on May 13, 2004 (Resp. Ex. 17), Petitioner did not appeal the judgment. Consequently, that judgment of conviction became final 30 days later on June 12, 2004. *See Gust v. State*, 535 So. 2d 642, 643 (Fla. 1st DCA 1988) (holding that when a defendant does

---

[3]In appellate case nos. 2D02-3556 and 2D02-3560, the appeals of the plea-based robbery convictions (Counts 2-4) in case no. CRC01-03019CFANO and case no. CRC01-6073CFANO, the appellate court remanded the cases to the trial court to correct the written sentencing orders to comport with the trial court's oral pronouncement of sentence (Resp. Exs. 5, 26). In Florida, "a court's oral pronouncement of a sentence controls over the written sentencing document." *Williams v. State*, 957 So. 2d 600, 603 (Fla. 2007). The corrections to the written judgments, therefore, essentially only corrected a scrivener's error, i.e., the correction of the written judgments to reflect the sentencing court's oral pronouncement of sentence. The corrected judgments made no change to Petitioner's sentences, as orally pronounced by the judge at the sentencing hearing.

Although the Eleventh Circuit has not squarely addressed whether the correction of a scrivener's error in a judgment restarts AEDPA's limitation period, other courts that have addressed this issue have held that the correction of a scrivener's error in a criminal judgment does not restart AEDPA's limitation period. *See, e.g., United States v. Greer*, 79 Fed. Appx. 974 (9th Cir. 2003) (unpublished) (amended judgment that did not substantively change the sentence imposed and added no new basis for an appeal, did not affect the finality of the original judgment and therefore did not restart the limitation period for the § 2255 motion); *Mathews v. Sec'y*, No. 8:09cv57-T-30EAJ, 2009 U.S. Dist. LEXIS 122625, 2009 WL 5128027, at *1 (M.D. Fla. Dec. 21, 2009) (amendment to written sentence to correct omission of oral pronouncement that Petitioner was sentenced as habitual felony offender did not change sentence, and therefore did not restart AEDPA's limitation period). Therefore, the Court concludes that the corrections to the judgments did not restart AEDPA's limitation period as to those judgments.

not appeal his conviction or sentence, the judgment and sentence become final when the thirty-day time period for filing an appeal expires). Accordingly, absent any collateral proceeding that tolled the federal statutory time period, Petitioner's federal habeas petition challenging the May 13, 2004 judgment of conviction was due on or before June 12, 2005.

Petitioner filed his first state post conviction motion on February 8, 2006 (Resp. Ex. 28). The February 8, 2006 motion, however, was filed after the expiration of the February 5, 2005 and June 12, 2005 federal limitation deadlines. As a consequence, the February 8, 2006 motion, and all of the subsequently filed applications for postconviction or other collateral review, had no effect on the running of the federal limitation periods as they were initiated well after the limitation periods expired. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Tinker v. Moore*, 255 F.3d 1331, 1333 1335 n.4 (11th Cir. 2001) ("[A] properly and timely filed petition in state court only tolls the time remaining within the federal limitation period."). Consequently, Petitioner's federal habeas petition, filed on January 6, 2012, is untimely.

To the extent Petitioner suggests that his petition is not time-barred because of a new rule announced in *Graham v. Florida*, 130 S. Ct. 2011 (2010), and that the limitation period should be measured from "the date on which the constitutional right asserted was initially recognized by the Supreme Court" under 28 U.S.C. § 2244(d)(1)(C), the argument is without merit. In *Graham*, the Supreme Court held that the Eighth Amendment "prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide." *Id*. at 2034. Petitioner was over the age of eighteen at the time he committed the

8

crimes (see Dkt. 2 at 6).  "*Graham v. Florida* does not apply to adult offenders such as [Petitioner]."  *United States v. Pierre*, 435 Fed. Appx. 905, 913 (11th Cir. 2011).  *See also Graham*, 130 S.Ct. at 2030 ("Because '*[t]he age of 18* is the point where society draws the line for many purposes between childhood and adulthood,' *those who were below that age when the offense was committed* may not be sentenced to life without parole for a nonhomicide crime.") (quoting *Roper v. Simmons*, 543 U.S. 551, 574 (2005) (emphasis added)).  Therefore, Petitioner's petition cannot be considered timely under § 2244(d)(1)(C).

Petitioner has failed to show extraordinary circumstances and due diligence as needed to establish a right to equitable tolling.[4]  Finally, Petitioner has neither alleged nor made a showing of actual innocence.[5]

## Conclusion

For the foregoing reasons, the Court finds that Petitioner's petition is time-barred.

ACCORDINGLY, it is **ORDERED** that:

1. The Petition for Writ of Habeas Corpus is **DISMISSED** as time-barred.

2. The **Clerk** is directed to close this case.

---

[4]Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam)).

[5]Actual innocence may serve to overcome the procedural bar caused by the untimely filing of a habeas petition. *Cf. United States v. Montano*, 398 F.3d 1276, 1280 (11th Cir. 2005).  Actual innocence applies when a petitioner is factually innocent of the crime for which he is incarcerated. *See Bousley v. United States*, 523 U.S. 614, 623 (1998).

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. See 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the petition is clearly time-barred, Petitioner cannot make the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on November 7, 2012.

*/s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*
　　　　　Counsel of Record